United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40014
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JOAQUIN AVILA-TRUJILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1501-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Joaquin Avila-Trujillo appeals the sentence imposed
following his guilty-plea conviction for being found unlawfully
in the United States after deportation without the consent of the
Attorney General or the Secretary of Homeland Security in
violation of 8 U.S.C. § 1326.  In his appellate brief, Avila-
Trujillo states that he is raising the issue whether the district
court erred in imposing a sentence that violated the plea
agreement without providing him an opportunity to withdraw his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty plea.  However, he has not addressed or adequately briefed this issue in the body of his appellate brief.  Therefore, he has abandoned this issue on appeal.  See United States v. Clay, 408 F.3d 214, 216 n.2 (5th Cir. 2005).

Avila-Trujillo argues that the district court violated his Sixth Amendment rights by imposing his sentence based on his prior convictions which were not charged in the indictment, admitted by him, or proven to a jury beyond a reasonable doubt in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  Avila-Trujillo's sentence was enhanced based solely on his prior state convictions for aggravated assault.  Under Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), there is no requirement that Avila-Trujillo's prior criminal history be alleged in the indictment and either admitted by him or proven to a jury beyond a reasonable doubt.  Consistent with Almendarez-Torres, "Booker explicitly excepts from Sixth Amendment analysis" the fact of a prior conviction.  Booker, 125 S. Ct. at 756, 769; United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006).  Therefore, the increase in Avila-Trujillo's sentence based on his prior convictions did not violate his Sixth Amendment rights under Booker.  See Booker, 125 S. Ct. at 756, 769; Guevara, 408 F.3d at 261.

AFFIRMED.